David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| MAZDA MOTOR CORPORATION, | : | ECF CASE |
| Plaintiff, | : | |
| - against - | : | 08 Civ. 355 (NRB) |
| | : | **COMPLAINT** |
| MAERSK LINE; AP MOLLER-MAERSK A/S MAERSK SEALAND; MAERSK INC., BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP. | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

Plaintiff Mazda Motor Corporation through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

## FIRST CAUSE OF ACTION

1.      This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of cargo moving from the United States to a foreign county and said carriage included rail carriage governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34

Stat. 584 (1906) (current version at 49 U.S.C. § 11706), as well as substantial intended ocean carriage.

2. Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

3. Plaintiff Mazda Motor Corporation ("Mazda") is a corporation organized under the laws of Japan with its principal place of business in Tokyo and sues herein as and for the purchaser, owner, and intended consignee of the cargo in suit.

4. Mazda sues herein on its own behalf and for and on behalf of the shipper, consignee and insurer of the cargo, as their respective interests may now or ultimately appear.

5. Defendants Maersk Line, AP Moller-Maersk A/S, Maersk Sealand, and Maersk Inc. are believed to be a corporations organized under the laws of, and with their principal places of business in, certain of the fifty states and/or foreign sovereigns.

6. Defendants Burlington Northern and Santa Fe Railway Co., Burlington Northern Santa Fe Corp, and BNSF Railway Co. (collectively BNSF) are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

7. Upon information and belief defendants at all material times conducted business as common carriers of cargo for hire, and the provision of services related thereto, including the pick up, carriage and delivery of cargo within the State of New York, and/or the contracting to provide such services to entities domiciled in New York and are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8. The Maersk Line bill of lading form includes terms which provide for adjudication of disputes in the United States District Court for the Southern District of New York.

9. This action involves damage and loss to a shipment of automotive parts, including engines, exhaust systems and related parts and equipment, which moved, or was intended to move, in intermodal transportation from the place of receipt at or near Detroit, Michigan, to the place of intended delivery at or near Kobe, Japan. The shipment is described more fully in the annexed Schedule A, which is incorporated herein by reference.

10. On or about January 17, 2007 the shipment was delivered to Maersk, or entities acting on its behalf, in full, complete and good order and condition at or near the designated place of receipt in Michigan.

11. The Maersk bill of lading issued or to be issued was an intermodal through bill, meaning that it contemplated multiple modes of transportation, including interstate rail carriage from Michigan to California, and ocean carriage to the port of discharge in Japan.

12. Maersk provided shipping containers TCKU944534-3 and POCU704575-5 for the entire transport of the shipment from the place of receipt to the place of intended delivery and the subject cargo was loaded into said containers in good order and condition and without evidence of damage.

13. BNSF Railway formulated electronic waybills covering the interstate rail carriage of the shipment.

14.     On or about January 22, 2007, while BNSF Railway was transporting the shipment still loaded in the Maersk-provided containers, defendants contend that the subject shipment sustained damage as the result of a derailment which occurred at or near Houck, Arizona.

15.     As a result of the damage sustained, the cargo was rendered unfit for intended usage.

16.     By reason of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $302,890.85, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable as common carriers, bailees, forwarders and/or warehouseman for hire.

17.     Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18.     All conditions precedent has been performed by or on behalf of plaintiff.

**SECOND CAUSE OF ACTION**

19.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of this complaint.

20.     With respect to the interstate rail carriage of the cargo BNSF Railway was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

21.     With respect to the interstate rail carriage of the cargo Maersk was at all material times engaged in the business of a rail carrier, or the offering or providing of rail

carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

22.     The damage sustained to the shipment in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of Maersk, BNSF Railway, and entities acting on their behalf.

23.     The damage to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

24.     As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

### THIRD CAUSE OF ACTION

25.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

26.     Defendants agreed and promised to perform services and act as carriers or bailees of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

### FOURTH CAUSE OF ACTION

27.     Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

28.     Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully,

recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

29. The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

## FIFTH CAUSE OF ACTION

30. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

31. The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage contracts.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants Maersk Line, AP Moller-Maersk A/S; Maersk Sealand, Burlington Northern and Santa Fe Railway Co., and BNSF Railway Co., jointly and severally:

    a)    for the sum of $302,890.85;

    b)    for prejudgment interest at the rate of 9% per annum;

    c)    for the costs of this action;

    d)    for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
        January 11, 2007

                                        LAW OFFICES,
                                        DAVID L. MAZAROLI

                                        *s/David L. Mazaroli*
                                      _____
                                        David L. Mazaroli (DM 3929)
                                        Attorney for Plaintiffs
                                        11 Park Place - Suite 1214
                                        New York, New York 10007
                                        Tel.: (212)267-8480
                                        Fax.: (212)732-7352
                                        E-mail: dlm@mazarolilaw.com
                                        File No.: 8MSI-1624

## **SCHEDULE A**

| | |
|---|---|
| Ocean Vessel: | M/V "SEALAND METEOR" |
| Voyage: | 0704 |
| Place of Receipt | Detroit, MI |
| Port of Loading: | Long Beach |
| Destination | Japan |
| Bills of Lading: | 512148245 (IE0MA 00000204260 & 204270) |
| Dated: | January 17, 2007 |
| Container Nos.: | TCKU944534-3 & POCU704575-5 |
| Commodity: | Mazda Automotive Parts |
| | (engines, exhausts, and related parts and equipment) |
| Claim Amount: | $302,890.85 |
| Maersk File: | 45178/JCY |
| BNSF FILE: | 499508-28 |
| MSI File: | MSI-07-5-3133 |
| DLM File: | 8MSI-1624 |