UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAZDA MOTOR CORPORATION,

        Plaintiff,

- against -

MAERSK LINE; AP MOLLER-MAERSK A/S
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,

        Defendants.
------------------------------------------------------------X

ECF CASE

08 Civ. 355 (NRB)

**ANSWER TO COMPLAINT**

        Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP., (as referred to herein as "BNSF") by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint herein as follows:

## ANSWER TO FIRST CAUSE OF ACTION

        1.    Defendants BSNF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and refer all matters of law to the Court.

        2.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "2" of the Complaint.

        3.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint except admit that Defendants BNSF are corporations organized under the laws of, and with places of business in, certain of the fifty states.

7. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "7" of the Complaint.

8. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "9" of the Complaint.

10. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "15" of the Complaint.

16. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "16" of the Complaint.

17. Defendants BNSF deny the truth of each and every allegation contained in paragraph "17" of the Complaint.

18. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "18" of the Complaint.

## ANSWER TO THE SECOND CAUSE OF ACTION

19. With respect to the allegations contained in paragraph "19" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

20. Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refer all matters of law to the Court.

21. Defendants BNSF deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "21" of the Complaint and refer all matters of law to the Court.

22. Defendants BNSF deny the truth of each and every allegation contained in paragraph "22" of the Complaint.

23. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "23" of the Complaint.

24. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "24" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE THIRD CAUSE OF ACTION

25. With respect to the allegations contained in paragraph "25" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "24" of this Answer with the same force and effect as if fully set forth at length herein.

26. Defendants BNSF deny the truth of each and every allegation contained in paragraph "26" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE FOURTH CAUSE OF ACTION

27. With respect to the allegations contained in paragraph "27" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "26" of this Answer with the same force and effect as if fully set forth at length herein.

28. Defendant BNSF, deny the truth of each and every allegation contained in paragraph "28" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

29. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "29" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE FIFTH CAUSE OF ACTION

30. With respect to the allegations contained in paragraph "30" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "29" of this Answer with the same force and effect as if fully set forth at length herein.

31. Defendants BNSF, deny the truth of each and every allegation contained in paragraph "31" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## FIRST AFFIRMATIVE DEFENSE

32. Defendant Burlington Northern Sante Fe Corporation is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

33. This action, as it pertains to Burlington Northern Santa Fe Corporation, is frivolous.

### THIRD AFFIRMATIVE DEFENSE

34. Any injuries suffered by plaintiff, its agents or principal was caused solely by its own negligence and not by any negligence of the answering defendants.

### FOURTH AFFIRMATIVE DEFENSE

35. Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by its own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to their own negligence or that of its agents or principals.

### FIFTH AFFIRMATIVE DEFENSE

36. Any injuries suffered by plaintiff was not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

### SIXTH AFFIRMATIVE DEFENSE

37. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

38. Plaintiff is not a proper party to this action.

### EIGHTH AFFIRMATIVE DEFENSE

39. There is a per package maximum limitation provision.

### NINTH AFFIRMATIVE DEFENSE

40. This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

41. The Complaint fails to state a cause of action upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

42. In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and are not entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

43. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

44. If the shipment referred to in the Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

45. BNSF is not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

46. Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiff or others acting on its behalf.

## SIXTEENTH AFFIRMATIVE DEFENSE

47. In the event that BNSF handled the subject shipment, when whatever shipments were received for transportation by BNSF were accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of BNSF, which together form the contract of carriage respecting the transportation of such shipment. In the event that BNSF handled the subject shipment, BNSF duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

48. In the event that BNSF handled the subject shipment, then to the extent that BNSF did not load, count or secure the subject shipment, it cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

49. To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

50. BNSF is not responsible for damage caused by the inherent vice or defects in the shipment.

### TWENTIETH AFFIRMATIVE DEFENSE

51.  BNSF is not subject to personal jurisdiction in this forum.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

52.  This action should be dismissed based upon improper venue.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

53.  This action should be dismissed pursuant to the doctrine of <u>forum non conveniens</u>.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

54.  Plaintiff has not fully complied with the provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

Dated: New York, New York
       May 2, 2008

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ9302)
Attorneys for Defendants
BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP.,
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO:    LAW OFFICES,
        DAVID L. MAZAROLI
        David L. Mazaroli, Esq. (DM 3929)
        Attorneys for Plaintiff
        111 Park Place - Suite 1214
        New York, New York 10007
        (212) 267-8480
        Fax.: (212) 732-7352

        Peter J. Gutowski, Esq.
        FREEHILL HOGAN & MAHAR LLP
        Attorneys for Defendants MAERSK LINE;
        AP MOLLER-MAERSK A/S MAERSK SEALAND; MAERSK INC.
        80 Pine Street
        New York, New York 10005-1759
        (212) 425-1900

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 2nd day of May, 2008, deponent served the within **ANSWER TO COMPLAINT** upon:

> LAW OFFICES,
> DAVID L. MAZAROLI
> David L. Mazaroli, Esq. (DM 3929)
> 111 Park Place - Suite 1214
> New York, New York 10007
>
> Peter J. Gutowski, Esq.
> FREEHILL HOGAN & MAHAR LLP
> 80 Pine Street
> New York, New York 10005-1759

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
                                          Ryan New

Sworn to before me this
2nd day of May, 2008

_____
       Notary

AMEET B. KABRAWALA
Notary Public, State of New York
No. 02KA6144322
Qualified in Kings County
Commission Expires April 24, 2010

461474.1 DocsNY