211-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendants
MAERSK LINE, AP MOLLER-MAERSK A/S,
MAERSK SEALAND and MAERSK INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela Schultz (PS 8675)
gutowski@freehill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAZDA MOTOR CORPORATION,

                Plaintiff,

- against -

MAERSK LINE; AP MOLLER-MAERSK A/S;
MAERSK SEALAND; MAERSK INC., BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY;
BNSF RAILWAY CO.; BURLINGTON NORTHERN
SANTA FE CORP.,

                Defendants.
------------------------------------------------------------------x

**ECF CASE**

**08 Civ. 355 (NRB)**

**ANSWER TO COMPLAINT**

Defendants MAERSK LINE, AP MOLLER-MAERSK A/S, MAERSK SEALAND and MAERSK INC., by their attorneys, Freehill, Hogan & Mahar, LLP, as and for their Answer to the Complaint to the Plaintiff, allege upon information and belief as follows:

### ANSWER TO FIRST CAUSE OF ACTION

1. Admit that the subject matter of the litigation involves a claim for damage or loss to cargo which was moving in intermodal carriage from the United States to a foreign country which included rail carriage, but except as so admitted, deny knowledge or information sufficient

to form a belief with respect to the remaining allegations contained in paragraph "1" of the Complaint.

2. Deny the allegations contained in paragraph "2" of the Complaint.

3. Deny the allegations contained in paragraph "3" of the Complaint.

4. Deny the allegations contained in paragraph "4" of the Complaint.

5. Admit that Defendant AP Moller-Maersk A/S and Maersk Inc. are corporations or other business entities duly organized under the laws of a foreign country and one of the 50 states, respectively, that Defendant AP Moller-Maersk A/S has its principal place of business in a foreign country and that Defendant Maersk Inc. has its principal place of business in New Jersey, but except as so admitted, deny the remaining allegations contained in paragraph "5" of the Complaint to the extent Defendant "Maersk Line" and "Maersk Sealand" are not corporate or business entities of any kind -- "Maersk Line" being a trade name under which Defendant AP Moller-Maersk A/S trades and Defendant "Maersk Sealand" being a former trade name which is no longer utilized, otherwise deny the remaining allegations contained in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "6" of the Complaint.

7. Admit that Defendant AP Moller-Maersk A/S, at all times material hereto, conducted business as, *inter alia*, a common carrier of cargo for hire and was also engaged in the provision of services related thereto, including services within the State of New York, but except as so admitted, deny the remaining allegations contained in paragraph "7" of the Complaint.

8. Admit that the standard bill of lading issued by Defendant AP Moller-Maersk A/S in respect to the liner cargo carrying service which it operates under the trade "Maersk Line"

includes a term which provides for adjudication of disputes in the United States District Court for the Southern District of New York in certain circumstances, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "8" of the Complaint.

9. Admit that two sealed containers which were said to contain automotive parts were booked for intermodal transport from the place of receipt, at or near Detroit, Michigan, for eventual delivery to Kobe, Japan, and that some of the details of that shipment are set forth on Schedule A as provided by the shipper or parties acting on behalf of the shipper, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" of the Complaint.

11. Admit that the bill of lading issued or to be issued for the subject shipment by Defendant AP Moller-Maersk A/S contemplated multiple modes of transport including interstate rail carriage and ocean carriage from Michigan to California, and from California to Japan, respectively, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "11" of the Complaint.

12. Admit that as a consequence of the booking for the shipment referred in the Complaint, the containers identified were provided for purposes of transport from the place of receipt to the place of delivery, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" of the Complaint.

14. Admit that on or about January, 2007, the subject containers described in the Complaint were in the custody of BNSF Railway who was transporting the shipment overland via rail, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" of the Complaint.

16. Admit demand and non-payment on answering Defendant AP Moller-Maersk A/S, but otherwise deny the allegations contained in paragraph "16" with respect to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "18" of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

19. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effect as if fully set forth at length herein.

20. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint insofar as they relate to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

### ANSWER TO THIRD CAUSE OF ACTION

25. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

26. Deny the allegations contained in paragraph 26 of the Complaint insofar as they relate to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

### ANSWER TO FOURTH CAUSE OF ACTION

27. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

28. Deny the allegations contained in paragraph "28" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

29. Deny the allegations contained in paragraph "29" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

### ANSWER TO FIFTH CAUSE OF ACTION

30. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

31. Deny the allegations contained in paragraph "31" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails to state a claim or cause of action against the answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

33. Defendants Maersk Line and Maersk Sealand are not corporate or business entities, the former being a trade name under which Defendant AP Moller-Maersk A/S operates an international cargo carrying liner service, and the latter being a former trade name which is no longer utilized. As a consequence, Defendants Maersk Line and Maersk Sealand are not proper parties to the lawsuit and have no independent corporate and/or business entity existence.

### THIRD AFFIRMATIVE DEFENSE

34. At all times material hereto, Defendant Maersk Inc. acted in the capacity as an agent for a disclosed principal, AP Moller-Maersk A/S, and as an agent for a disclosed principal, it has no liability to the Plaintiff for the matters and things alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

35. The shipment described in the Complaint was booked, received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for transport and carriage of the shipment, and by which the shipper, owner, consignee, holder(s) of the said bill(s) of lading and/or the subrogee thereof agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq., and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation applicable and/or pertinent to this carriage. If any loss, damage or shortage resulted to the shipment described in the Complaint, which is denied, it was due to a cause or causes for which the answering defendants are not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s), contract(s) of affreightment and/or the aforementioned legislation.

### FIFTH AFFIRMATIVE DEFENSE

36. If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of the plaintiff's, shipper's, cargo owner's, consignee's and/or holder of the said bill(s) of lading's negligence in the care, custody, carriage, preparation for and/or transport of the subject cargo.

### SIXTH AFFIRMATIVE DEFENSE

37. The Complaint fails to join a party or parties in whose absence complete relief cannot be accorded among those already parties and who claim an interest relating to the subject of the action and who are so situated that the disposition of this action in his or their absence may leave those already parties subject to a substantial risk of incurring double or multiple or otherwise inconsistent obligations.

### SEVENTH AFFIRMATIVE DEFENSE

38. The Plaintiff is not the real party in interest and/or proper party plaintiff to assert this claim.

### EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiff failed to give timely notice of the subject claim(s) and/or the claim is barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

40. The action should be dismissed for improper venue and/or under the doctrine of *forum non conveniens* and/or transferred to a more appropriate forum.

### TENTH AFFIRMATIVE DEFENSE

41. If the shipment referred to in the Complaint suffered any loss or damage, which is denied, such loss or damage was caused by the acts or omissions of a third party or a party over whom answering defendants had no control.

**WHEREFORE** the answering Defendants pray:

(1) That judgment be entered in their favor and against the Plaintiffs dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to answering Defendants; and

(2)   That the answering Defendants have such other, further and different relief as the Court deems just and proper in the premises.

Dated:   New York, New York
         May 7, 2008

                                    FREEHILL, HOGAN & MAHAR LLP
                                    Attorneys for Defendants
                                    MAERSK LINE, AP MOLLER-MAERSK
                                    A/S MAERSK, SEALAND and MAERSK INC.

                              By:   _____
                                    Peter J. Gutowski (PG 2200)
                                    80 Pine Street, 24th Floor
                                    New York, NY 10005-1759
                                    (212) 425-1900

To:   LAW OFFICES OF
      DAVID L. MAZAROLI
      Attorneys for Plaintiff
      111 Park Place – Suite 1214
      New York, New York 10007
      Attn: David L. Mazaroli, Esq.

      LANDMAN CORSI BALLAINE & FORD P.C.
      Attorneys for Defendants
      120 Broadway, 27th Floor
      New York, New York 10271-0079
      Attn: Ronald E. Joseph, Esq.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                    )ss.:
COUNTY OF NEW YORK )

    CAROL LANDORNO CHAKWIN, being duly sworn, deposes and says, that deponent is not a party to the action is over 18 years of age and work at 80 Pine Street, New York, New York 10005. On May 7, 2008, I served the within ANSWER TO COMPLAINT upon:

    LAW OFFICES OF
    DAVID L. MAZAROLI
    Attorneys for Plaintiff
    111 Park Place – Suite 1214
    New York, New York 10007
    Attn: David L. Mazaroli, Esq.

    LANDMAN CORSI BALLAINE & FORD P.C.
    Attorneys for Defendants
    120 Broadway, 27th Floor
    New York, New York 10271-0079
    Attn: Ronald E. Joseph, Esq.

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service within New York State.

                _____
                CAROL LANDORNO CHAKWIN

Sworn to before me on this
7th day of May 2008.

_____
NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/304037.1          10