211-08/PJG/GMV
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant and Third Party Plaintiff
A.P. MOLLER – MAERSK A/S
80 Pine Street
New York, New York 10005-1759
Tel: 212 425-1900 / Fax: 212 425-1901
Peter J. Gutowski (PG 2200)
Gina M. Venezia, Esq. (GV1551)



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZDA MOTOR CORPORATION, | ECF CASE |
| Plaintiff, | 08 Civ. 355 (NRB) |
| - against - | |
| MAERSK LINE; AP MOLLER-MAERSK A/S; MAERSK SEALAND; MAERSK INC., BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP., | **THIRD-PARTY COMPLAINT** |
| Defendants. | |
| A.P. MOLLER-MAERSK A/S trading as MAERSK LINE | |
| Third-Party Plaintiff | |
| - against - | |
| GLOBERUNNERS INCORPORATED f/k/a and/or as successor-in-interest to LIBERTY CONTAINER LINE INC. | |
| Third-Party Defendant. | |

Defendant/Third-Party Plaintiff A.P. Moller-Maersk A/S ("Maersk"), pursuant to Federal

Rules of Civil Procedure 14(a) and 14(c), as and for its Third-Party Complaint against Third-

Party Defendant Globerunners Incorporation ("Globerunners"), formerly known as and/or as

NYDOCS1/307700.1

successor-in-interest to Liberty Container Line Inc. ("Liberty") (hereinafter collectively "Globerunners/Liberty"), alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule 14(c) of the Federal Rules of Civil Procedure, and this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that the subject matter of this suit involves damage to cargo flowing from the derailment of a train carrying cargo in intermodal commerce bound for ocean transport pursuant to an ocean bill of lading. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367. Finally, diversity jurisdiction exists pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the relevant parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

### THE PARTIES & PLEADINGS PREVIOUSLY FILED HEREIN

2.     Plaintiff Mazda Motor Corporation ("Mazda") commenced the subject action in the United States District Court for the Southern District of New York by filing a Complaint against Defendant/Third-Party Plaintiff Maersk and Defendants Burlington Northern and Santa Fe Railway Company, BNSF Railway Co., and Burlington Northern Santa Fe Corp. (hereinafter collectively "BNSF"). (A copy of Plaintiff's Complaint is annexed hereto as **Exhibit A.**)

3.     Defendant/Third-Party Plaintiff Maersk was and is a legal entity organized and existing pursuant to the laws of a foreign country which operates as an intermodal common carrier of merchandise by water for hire under the trade name "Maersk Line". (Annexed hereto as **Exhibits B** is a copy of Maersk's answer to Plaintiff's complaint.)

4.     Defendant BNSF is, upon information and belief, a corporation organized and existing pursuant to the laws of Delaware with its principal place of business at Fort Worth,

Texas, which operates as a common carrier of merchandise by rail for hire. (Annexed hereto as **Exhibit C** is a copy of BNSF's answer to Plaintiff's complaint.)

5. Maersk and BNSF have asserted cross-claims against one another for contribution and/or indemnity for any liability herein. (Annexed hereto as **Exhibits D & E**, respectively, are copies of Maersk's cross-claim against BNSF and BNSF's cross-claim against Maersk.)

6. This Third-Party Complaint is filed pursuant to the Court's Order dated June 26, 2008, which granted Maersk leave to file a third-party complaint on or before July 3, 2008.

7. Third-Party Defendant Globerunners was and still is a corporate entity duly organized and existing pursuant to the laws of California with a principal place of business at 880 Apollo St., Suite 101, El Segundo, CA  90245, and a place of business at 600 Inwood Avenue N., Suite 160, Oakdale, MN  55128, and is the successor in interest to and/or was formerly known as Liberty at the time of the shipment in question.

8. Liberty was, at the time of the events giving rise to this action, a corporate entity duly organized and existing pursuant to the laws of Minnesota with a principal place of business at 600 Inwood Avenue N., Suite 160, Oakdale, MN  55128 (one of the current addresses of Globerunners), and is predecessor in interest to and/or is now known as Globerunners.

9. At all times material hereto, Third-Party Defendant Globerunners/Liberty was and still is in the business of, *inter alia,* providing NVOCC, freight forwarder and international shipping services including the offering of full container load service to international shippers and merchants of agricultural products.

## FACTUAL BACKGROUND

10. The subject matter of Plaintiff's Complaint herein relates to a claim for alleged damage relating to the carriage of a containerized cargo of auto parts, which damage was

allegedly sustained as the result of the derailment of a certain BNSF train transporting the said container to the load port at Long Beach, California, for ocean carriage by Maersk.

11.    The train on which the container that is subject of Plaintiff's complaint was being transported (intermodal unit train S-LPCLHA1-19-A) was owned and/or operated by Defendant BNSF and derailed on or about January 22, 2007, near Houck, Arizona.

12.    Globerunners/Liberty acted in the capacity as the shipper, NVOCC and/or consolidator of multiple containers also being transported aboard intermodal unit train S-LPCLHA1-19-A at the time of the derailment, including two 20-foot containers said to contain bulk agriculture products (i.e. container numbers TRLU 4393161 and MAEU 6209103) (hereinafter the "Liberty Containers").

13.    Third-Party Defendant Globerunners/Liberty (or its agents) loaded, packed and sealed the Liberty Containers with the bulk agriculture products and made them available for initial rail transport from Chicago, Illinois, to Long Beach, California, for eventual ocean carriage, pursuant to certain written agreements.

14.    The Liberty Containers were thereafter placed aboard the BNSF intermodal unit train S-LPCLHA1-19-A for transport from Chicago to Long Beach.

15.    Defendant BNSF has alleged that the subject derailment originated from and/or was caused by one or more of the Liberty Containers and, as such, Maersk bears liability for Plaintiff's damages alleged herein.

16.    BNSF has further alleged that the Liberty Containers were tendered to it for transport in an overweight condition and/or were stuffed and packed in a negligent manner, and that the aforesaid improper loading of the bulk agriculture products caused the floor(s) of one or

more of the Liberty Containers to fail while in transit on intermodal unit train S-LPCLHA1-19-A, thereby causing the derailment.

17.    In accordance with terms and conditions of the written agreements with Maersk and/or pursuant to industry standards, Third-Party Defendant Globerunners/Liberty was obligated to load the Liberty Containers properly by, *inter alia*, ensuring the proper distribution of the weight of the load over the floor of the container(s) and/or ensuring that the weight of the load(s) did not exceed the maximum allowable weight.

18.    In addition, and by virtue of the terms of a certain Rail Carriage Letter of Indemnity, dated November 29, 2005, Globerunners/Liberty agreed to indemnify Maersk for any liability incurred by Maersk in connection with rail carriage by BNSF of any cargo/containers shipped by or for which shipment was arranged by Globerunners/Liberty or any of its agents.

19.    To the extent BNSF's allegations are proven to be true, then Globerunners/Liberty (or its agents) breached its obligations under the above-referenced agreements and/or was negligent in its care, custody, handling and/or loading of the Liberty Containers, all of which was the proximate cause of the alleged loss sustained by Plaintiff in the Complaint and the proximate cause of the derailment, obligating Globerunners/Liberty to indemnify Maersk for any liability incurred in connection with the subject casualty.

### FIRST CAUSE OF ACTION AGAINST GLOBERUNNERS/LIBERTY

20.    Maersk repeats the allegations of paragraphs 1-19 above, as if stated in their entirety.

21.    If any loss or damage as alleged in the Complaint or the BNSF cross-claim is found against Maersk, then the said loss or damage was caused by or contributed to by the fault, negligence, carelessness, omission, breach of contract, breach of duty and/or breach of warranty

(express or implied) on the part of Globerunners/Liberty, its agents, servants and/or representatives in its performance of their duties as shipper or NVOCC of the subject cargo carried within one or more of the Liberty Containers.

22.      As a consequence of the foregoing, if there is any liability on the part of Maersk to Plaintiff or BNSF for the losses and/or damages flowing from the casualty, Globerunners/Liberty is liable to Maersk for indemnity and/or contribution, plus costs and attorney's fees, and/or is directly liable to Plaintiff.

23.      This Third-Party Complaint is filed without waiver of any arbitration rights which may exist by virtue of any agreement with Globerunners/Liberty and/or BNSF.

**WHEREFORE**, Third-Party Plaintiff Maersk prays that:

(a)      Process in due form of law may issue against Third-Party Defendant Globerunners/Liberty citing it to appear and answer the matters set forth above and in the Complaint of Plaintiff, pursuant to Federal Rule of Civil Procedure 14(a) and 14(c), failing which a default will be entered against them;

(b)  Third-Party Plaintiff Maersk be granted indemnity and/or contribution from Third-Party Defendant for any and all amounts which Third-Party Plaintiff may be found liable for in respect to the casualty; plus costs and attorney's fees incurred in this action, and that judgment be granted in favor of Plaintiff directly against Third-Party Defendant pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for the losses as alleged in the Complaint, should Plaintiff prove its entitlement to recovery, and;

(c)  Third-Party Plaintiff Maersk be awarded all of its costs and attorney's fees in connection with the filing and prosecution of its Third-Party Complaint; and

(e)    Third-Party Plaintiff Maersk have such further and different relief as this Court

may deem just and proper in the premises including but not limited to recovery of its costs,

attorney's fees and disbursements incurred in defending the action of the Plaintiff.


Dated:  New York, New York
        July 3, 2008

_____
Peter J. Gutowski (PG 2200)
Gina M. Venezia (GV1551)
FREEHILL, HOGAN & MAHAR LLP
80 Pine Street
New York, NY  10005
Tel: (212) 425-1900
Fax: (212) 425-1901
Attorneys for A.P. Moller-Maersk A/S

Ex. A

David L. Mazaroli (DM-3929)
Attorney for Plaintiff
11 Park Place -- Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*
-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MAZDA MOTOR CORPORATION,                    :        ECF CASE

           Plaintiff,                         :

            - against -                        :        08 Civ. 355 (NRB)

                                                  :        **COMPLAINT**

MAERSK LINE; AP MOLLER-MAERSK A/S          :
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE           :
RAILWAY COMPANY; BNSF RAILWAY
CO.; BURLINGTON NORTHERN SANTA FE          :
CORP.
                                           :
           Defendants.                        :
-----------------------------------------------------------------x

    Plaintiff Mazda Motor Corporation through its undersigned attorney, alleges as

follows for its complaint against defendants upon information and belief:

## FIRST CAUSE OF ACTION

    1.    This action includes a maritime claim within the meaning of Rule 9(h) of

the Federal Rules of Civil Procedure.  This Court has subject matter jurisdiction pursuant

to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of

cargo moving from the United States to a foreign county and said carriage included rail

carriage governed by federal statutes, including the Carmack Amendment to the Interstate

Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 1906, ch. 3591, 34

Stat. 584 (1906) (current version at 49 U.S.C. § 11706), as well as substantial intended ocean carriage.

2.    Plaintiff seeks recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

3.    Plaintiff Mazda Motor Corporation ("Mazda") is a corporation organized under the laws of Japan with its principal place of business in Tokyo and sues herein as and for the purchaser, owner, and intended consignee of the cargo in suit.

4.    Mazda sues herein on its own behalf and for and on behalf of the shipper, consignee and insurer of the cargo, as their respective interests may now or ultimately appear.

5.    Defendants Maersk Line, AP Moller-Maersk A/S, Maersk Sealand, and Maersk Inc. are believed to be a corporations organized under the laws of, and with their principal places of business in, certain of the fifty states and/or foreign sovereigns.

6.    Defendants Burlington Northern and Santa Fe Railway Co., Burlington Northern Santa Fe Corp, and BNSF Railway Co. (collectively BNSF) are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

7.    Upon information and belief defendants at all material times conducted business as common carriers of cargo for hire, and the provision of services related thereto, including the pick up, carriage and delivery of cargo within the State of New York, and/or the contracting to provide such services to entities domiciled in New York and are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8.      The Maersk Line bill of lading form includes terms which provide for adjudication of disputes in the United States District Court for the Southern District of New York.

9.      This action involves damage and loss to a shipment of automotive parts, including engines, exhaust systems and related parts and equipment, which moved, or was intended to move, in intermodal transportation from the place of receipt at or near Detroit, Michigan, to the place of intended delivery at or near Kobe, Japan.    The shipment is described more fully in the annexed Schedule A, which is incorporated herein by reference.

10.     On or about January 17, 2007 the shipment was delivered to Maersk, or entities acting on its behalf, in full, complete and good order and condition at or near the designated place of receipt in Michigan.

11.     The Maersk bill of lading issued or to be issued was an intermodal through bill, meaning that it contemplated multiple modes of transportation, including interstate rail carriage from Michigan to California, and ocean carriage to the port of discharge in Japan.

12.     Maersk provided shipping containers TCKU944534-3 and POCU704575-5 for the entire transport of the shipment from the place of receipt to the place of intended delivery and the subject cargo was loaded into said containers in good order and condition and without evidence of damage.

13.     BNSF Railway formulated electronic waybills covering the interstate rail carriage of the shipment.

14    On or about January 22, 2007, while BNSF Railway was transporting the shipment still loaded in the Maersk-provided containers, defendants contend that the subject shipment sustained damage as the result of a derailment which occurred at or near Houck, Arizona.

15.    As a result of the damage sustained, the cargo was rendered unfit for intended usage.

16.    By reason of the aforesaid, plaintiff, and those on whose behalf it sues, sustained damages in the amount of $302,890.85, no part of which has been paid although duly demanded, and for which defendants are jointly and severally liable as common carriers, bailees, forwarders and/or warehouseman for hire.

17.    Plaintiff sues herein on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

18.    All conditions precedent has been performed by or on behalf of plaintiff.

### SECOND CAUSE OF ACTION

19.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 of this complaint.

20.    With respect to the interstate rail carriage of the cargo BNSF Railway was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

21.    With respect to the interstate rail carriage of the cargo Maersk was at all material times engaged in the business of a rail carrier, or the offering or providing of rail

carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

22.    The damage sustained to the shipment in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of Maersk, BNSF Railway, and entities acting on their behalf.

23.    The damage to the shipment was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

24.    As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

## THIRD CAUSE OF ACTION

25.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

26.    Defendants agreed and promised to perform services and act as carriers or bailees of the shipment, and defendants are liable to plaintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

## FOURTH CAUSE OF ACTION

27.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

28.    Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully,

recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

29.    The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

### FIFTH CAUSE OF ACTION

30.    Plaintiff repeats and realleges the allegations in Paragraphs 1 through 18 of this complaint.

31.    The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage contracts.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendants Maersk Line, AP Moller-Maersk A/S; Maersk Sealand, Burlington Northern and Santa Fe Railway Co., and BNSF Railway Co., jointly and severally:

a)    for the sum of $302,890.85;

b)    for prejudgment interest at the rate of 9% per annum;

c)    for the costs of this action;

d)    for such other and further relief as this Court deems proper and just.

Dated:   New York, New York
         January 11, 2007

                              LAW OFFICES,
                              DAVID L. MAZAROLI

                              *s/David L. Mazaroli*
                              _____
                              David L. Mazaroli (DM 3929)
                              Attorney for Plaintiffs
                              11 Park Place - Suite 1214
                              New York, New York 10007
                              Tel.: (212)267-8480
                              Fax.: (212)732-7352
                              E-mail: dlm@mazarolilaw.com
                              File No.: 8MSI-1624

## SCHEDULE A

| | |
|---|---|
| Ocean Vessel: | M/V "SEALAND METEOR" |
| Voyage: | 0704 |
| Place of Receipt | Detroit, MI |
| Port of Loading: | Long Beach |
| Destination | Japan |
| Bills of Lading: | 512148245 (IE0MA 00000204260 & 204270) |
| Dated: | January 17, 2007 |
| Container Nos.: | TCKU944534-3 & POCU704575-5 |
| Commodity: | Mazda Automotive Parts |
| | (engines, exhausts, and related parts and equipment) |
| Claim Amount: | $302,890.85 |
| Maersk File: | 45178/JCY |
| BNSF FILE: | 499508-28 |
| MSI File: | MSI-07-5-3133 |
| DLM File: | 8MSI-1624 |

8

Ex. B

211-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendants
MAERSK LINE, AP MOLLER-MAERSK A/S,
MAERSK SEALAND and MAERSK INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela Schultz (PS 8675)
gutowski@freehill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MAZDA MOTOR CORPORATION,

                               Plaintiff,

      - against -

MAERSK LINE; AP MOLLER-MAERSK A/S;
MAERSK SEALAND; MAERSK INC., BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY;
BNSF RAILWAY CO.; BURLINGTON NORTHERN
SANTA FE CORP.,

                             Defendants.
-------------------------------------------------------------x

**ECF CASE**

**08 Civ. 355 (NRB)**

**ANSWER TO COMPLAINT**

      Defendants MAERSK LINE, AP MOLLER-MAERSK A/S, MAERSK SEALAND and

MAERSK INC., by their attorneys, Freehill, Hogan & Mahar, LLP, as and for their Answer to

the Complaint to the Plaintiff, allege upon information and belief as follows:

<u>**ANSWER TO FIRST CAUSE OF ACTION**</u>

      1.  Admit that the subject matter of the litigation involves a claim for damage or loss to

cargo which was moving in intermodal carriage from the United States to a foreign country

which included rail carriage, but except as so admitted, deny knowledge or information sufficient

to form a belief with respect to the remaining allegations contained in paragraph "1" of the Complaint.

    2.  Deny the allegations contained in paragraph "2" of the Complaint.

    3.  Deny the allegations contained in paragraph "3" of the Complaint.

    4.  Deny the allegations contained in paragraph "4" of the Complaint.

    5.  Admit that Defendant AP Moller-Maersk A/S and Maersk Inc. are corporations or other business entities duly organized under the laws of a foreign country and one of the 50 states, respectively, that Defendant AP Moller-Maersk A/S has its principal place of business in a foreign country and that Defendant Maersk Inc. has its principal place of business in New Jersey, but except as so admitted, deny the remaining allegations contained in paragraph "5" of the Complaint to the extent Defendant "Maersk Line" and "Maersk Sealand" are not corporate or business entities of any kind -- "Maersk Line" being a trade name under which Defendant AP Moller-Maersk A/S trades and Defendant "Maersk Sealand" being a former trade name which is no longer utilized, otherwise deny the remaining allegations contained in paragraph "5" of the Complaint.

    6.  Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "6" of the Complaint.

    7.  Admit that Defendant AP Moller-Maersk A/S, at all times material hereto, conducted business as, *inter alia*, a common carrier of cargo for hire and was also engaged in the provision of services related thereto, including services within the State of New York, but except as so admitted, deny the remaining allegations contained in paragraph "7" of the Complaint.

    8.  Admit that the standard bill of lading issued by Defendant AP Moller-Maersk A/S in respect to the liner cargo carrying service which it operates under the trade "Maersk Line"

includes a term which provides for adjudication of disputes in the United States District Court for the Southern District of New York in certain circumstances, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "8" of the Complaint.

9.  Admit that two sealed containers which were said to contain automotive parts were booked for intermodal transport from the place of receipt, at or near Detroit, Michigan, for eventual delivery to Kobe, Japan, and that some of the details of that shipment are set forth on Schedule A as provided by the shipper or parties acting on behalf of the shipper, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "10" of the Complaint.

11. Admit that the bill of lading issued or to be issued for the subject shipment by Defendant AP Moller-Maersk A/S contemplated multiple modes of transport including interstate rail carriage and ocean carriage from Michigan to California, and from California to Japan, respectively, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "11" of the Complaint.

12. Admit that as a consequence of the booking for the shipment referred in the Complaint, the containers identified were provided for purposes of transport from the place of receipt to the place of delivery, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "13" of the Complaint.

14. Admit that on or about January, 2007, the subject containers described in the Complaint were in the custody of BNSF Railway who was transporting the shipment overland via rail, but except as so admitted, deny knowledge or information sufficient to form a belief with respect to the remaining allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "15" of the Complaint.

16. Admit demand and non-payment on answering Defendant AP Moller-Maersk A/S, but otherwise deny the allegations contained in paragraph "16" with respect to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

17. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "18" of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

19. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

20. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint insofar as they relate to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

## ANSWER TO THIRD CAUSE OF ACTION

25. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

26. Deny the allegations contained in paragraph 26 of the Complaint insofar as they relate to the answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

## ANSWER TO FOURTH CAUSE OF ACTION

27. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

28. Deny the allegations contained in paragraph "28" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

29. Deny the allegations contained in paragraph "29" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

## ANSWER TO FIFTH CAUSE OF ACTION

30. Answering Defendants repeat and re-allege each and every admission, denial and denial for lack of knowledge or information as set forth in paragraphs 1-18 of this Answer with the same force and effort as if fully set forth at length herein.

31. Deny the allegations contained in paragraph "31" of the Complaint insofar as they relate to answering Defendants and deny knowledge or information sufficient to form a belief with respect to the allegations insofar as they relate to the non-answering Defendants.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

32.    The Complaint fails to state a claim or cause of action against the answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

33.    Defendants Maersk Line and Maersk Sealand are not corporate or business entities, the former being a trade name under which Defendant AP Moller-Maersk A/S operates an international cargo carrying liner service, and the latter being a former trade name which is no longer utilized.  As a consequence, Defendants Maersk Line and Maersk Sealand are not proper parties to the lawsuit and have no independent corporate and/or business entity existence.

### THIRD AFFIRMATIVE DEFENSE

34.    At all times material hereto, Defendant Maersk Inc. acted in the capacity as an agent for a disclosed principal, AP Moller-Maersk A/S, and as an agent for a disclosed principal, it has no liability to the Plaintiff for the matters and things alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

35.    The shipment described in the Complaint was booked, received, loaded, carried, discharged and/or delivered under and/or subject to the terms, conditions, exceptions and limitations of a certain dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment, issued for transport and carriage of the shipment, and by which the shipper, owner, consignee, holder(s) of the said bill(s) of lading and/or the subrogee thereof agreed to be and are bound and subject also to the terms, conditions, limitations and exceptions of the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §1300 et seq., and/or the Harter Act 46 U.S.C. §19 et seq., and/or other legislation applicable and/or pertinent to this carriage.  If any loss, damage or shortage resulted to the shipment described in the Complaint, which is denied, it was due to a cause or causes for which the answering defendants are not liable by virtue of the terms of the aforementioned dock receipt(s), bill(s) of lading, tariff(s), charter(s), contract(s) of affreightment and/or the aforementioned legislation.

### FIFTH AFFIRMATIVE DEFENSE

36.    If the shipment referred to in the Complaint suffered any loss or damage as alleged, which loss or damage is specifically denied, then the said loss or damage occurred as a consequence of the plaintiff's, shipper's, cargo owner's, consignee's and/or holder of the said bill(s) of lading's negligence in the care, custody, carriage, preparation for and/or transport of the subject cargo.

## SIXTH AFFIRMATIVE DEFENSE

37.    The Complaint fails to join a party or parties in whose absence complete relief cannot be accorded among those already parties and who claim an interest relating to the subject of the action and who are so situated that the disposition of this action in his or their absence may leave those already parties subject to a substantial risk of incurring double or multiple or otherwise inconsistent obligations.

## SEVENTH AFFIRMATIVE DEFENSE

38.    The Plaintiff is not the real party in interest and/or proper party plaintiff to assert this claim.

## EIGHTH AFFIRMATIVE DEFENSE

39.    Plaintiff failed to give timely notice of the subject claim(s) and/or the claim is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

40.    The action should be dismissed for improper venue and/or under the doctrine of *forum non conveniens* and/or transferred to a more appropriate forum.

## TENTH AFFIRMATIVE DEFENSE

41.    If the shipment referred to in the Complaint suffered any loss or damage, which is denied, such loss or damage was caused by the acts or omissions of a third party or a party over whom answering defendants had no control.

**WHEREFORE** the answering Defendants pray:

(1)    That judgment be entered in their favor and against the Plaintiffs dismissing the Complaint in its entirety, with prejudice, and with costs, disbursements and attorney's fees incurred in this action awarded to answering Defendants; and

(2)    That the answering Defendants have such other, further and different relief as the

Court deems just and proper in the premises.


Dated:    New York, New York
         May 7, 2008

                                FREEHILL, HOGAN & MAHAR LLP
                                Attorneys for Defendants
                                MAERSK LINE, AP MOLLER-MAERSK
                                A/S MAERSK, SEALAND and MAERSK INC.


                        By:    _____
                                Peter J. Gutowski (PG 2200)
                                80 Pine Street, 24th Floor
                                New York, NY 10005-1759
                                (212) 425-1900


To:    LAW OFFICES OF
       DAVID L. MAZAROLI
       Attorneys for Plaintiff
       111 Park Place -- Suite 1214
       New York, New York 10007
       Attn:  David L. Mazaroli, Esq.

       LANDMAN CORSI BALLAINE & FORD P.C.
       Attorneys for Defendants
       120 Broadway, 27th Floor
       New York, New York 10271-0079
       Attn:  Ronald E. Joseph, Esq.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                           )ss.:
COUNTY OF NEW YORK )

        CAROL LANDORNO CHAKWIN, being duly sworn, deposes and says, that deponent is not a party to the action is over 18 years of age and work at 80 Pine Street, New York, New York 10005.  On May 7, 2008, I served the within ANSWER TO COMPLAINT upon:

                LAW OFFICES OF
                DAVID L. MAZAROLI
                Attorneys for Plaintiff
                111 Park Place -- Suite 1214
                New York, New York 10007
                Attn:  David L. Mazaroli, Esq.

                LANDMAN CORSI BALLAINE & FORD P.C.
                Attorneys for Defendants
                120 Broadway, 27th Floor
                New York, New York 10271-0079
                Attn:  Ronald E. Joseph, Esq.

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service within New York State.

                                *Carol Landorno Chakwin*
                                  CAROL LANDORNO CHAKWIN

Sworn to before me on this
7th day of May 2008.

        NOTARY PUBLIC

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

Ex. C

(4)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAZDA MOTOR CORPORATION,

       Plaintiff,

    - against -

MAERSK LINE; AP MOLLER-MAERSK A/S
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,

       Defendants.
-----------------------------------------------------------------X

ECF CASE

08 Civ. 355 (NRB)

**ANSWER TO COMPLAINT**

       Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF

RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP., (as referred to herein as

"BNSF") by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint

herein as follows:

<u>**ANSWER TO FIRST CAUSE OF ACTION**</u>

    1.    Defendants BSNF, deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "1" of the Complaint and refer all matters of law to

the Court.

    2.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph

"2" of the Complaint.

    3.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "3" of the Complaint.

461430.1 DocsNY

4.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint except admit that Defendants BNSF are corporations organized under the laws of, and with places of business in, certain of the fifty states.

7.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "7" of the Complaint.

8.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "9" of the Complaint.

10.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

11.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "15" of the Complaint.

16.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "16" of the Complaint.

17.    Defendants BNSF deny the truth of each and every allegation contained in paragraph "17" of the Complaint.

18.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "18" of the Complaint.

## ANSWER TO THE SECOND CAUSE OF ACTION

19.    With respect to the allegations contained in paragraph "19" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

20.    Defendants BNSF, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refer all matters of law to the Court.

21.    Defendants BNSF deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph "21" of the Complaint and refer all matters of law to the Court.

22.    Defendants BNSF deny the truth of each and every allegation contained in paragraph "22" of the Complaint.

23.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "23" of the Complaint.

24.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "24" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE THIRD CAUSE OF ACTION

25.    With respect to the allegations contained in paragraph "25" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "24" of this Answer with the same force and effect as if fully set forth at length herein.

26.    Defendants BNSF deny the truth of each and every allegation contained in paragraph "26" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE FOURTH CAUSE OF ACTION

27.    With respect to the allegations contained in paragraph "27" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "26" of this Answer with the same force and effect as if fully set forth at length herein.

461430.1 DocsNY                                    4

28.    Defendant BNSF, deny the truth of each and every allegation contained in paragraph "28" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

29.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "29" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## ANSWER TO THE FIFTH CAUSE OF ACTION

30.    With respect to the allegations contained in paragraph "30" of the Complaint, Defendants BNSF, repeat, reiterate and reallege each and every response contained in paragraphs "1" through "29" of this Answer with the same force and effect as if fully set forth at length herein.

31.    Defendants BNSF, deny the truth of each and every allegation contained in paragraph "31" of the Complaint as they refer to BNSF and deny knowledge or information sufficient to form a belief as to the truth of the all other allegations.

## FIRST AFFIRMATIVE DEFENSE

32.    Defendant Burlington Northern Sante Fe Corporation is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

33.    This action, as it pertains to Burlington Northern Santa Fe Corporation, is frivolous.

### THIRD AFFIRMATIVE DEFENSE

34.    Any injuries suffered by plaintiff, its agents or principal was caused solely by its own negligence and not by any negligence of the answering defendants.

### FOURTH AFFIRMATIVE DEFENSE

35.    Any injuries suffered by plaintiff, its agents or principals, were caused, in part, by its own negligence, and any recovery by plaintiff must be diminished in proportion to that part of its injuries attributable to their own negligence or that of its agents or principals.

### FIFTH AFFIRMATIVE DEFENSE

36.    Any injuries suffered by plaintiff was not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

### SIXTH AFFIRMATIVE DEFENSE

37.    Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

38.    Plaintiff is not a proper party to this action.

### EIGHTH AFFIRMATIVE DEFENSE

39.    There is a per package maximum limitation provision.

### NINTH AFFIRMATIVE DEFENSE

40.    This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

41.    The Complaint fails to state a cause of action upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

42.    In the event that plaintiff has no title or interest in the shipment that is the subject matter of this action, then plaintiff is not the real party in interest herein and are not entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

43.    The contract of carriage does not contemplate responsibility for special or consequential damages.  To the extent that plaintiff seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

44.    If the shipment referred to in the Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

45.    BNSF is not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

46.    Any accident, damages and injuries alleged to have occurred was  solely due to the negligence of plaintiff or others acting on its behalf.

## SIXTEENTH  AFFIRMATIVE DEFENSE

47.    In the event that BNSF handled the subject shipment, when whatever shipments were received for transportation by BNSF were accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of BNSF, which together form the contract of carriage respecting the transportation of such shipment.  In the event that BNSF handled the subject shipment, BNSF duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

48.    In the event that BNSF handled the subject shipment, then to the extent that BNSF did not load, count or secure the subject shipment, it cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

49.    To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiff cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

50.    BNSF is not responsible for damage caused by the inherent vice or defects in the shipment.

## TWENTIETH  AFFIRMATIVE DEFENSE

51.   BNSF is not subject to personal jurisdiction in this forum.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

52.   This action should be dismissed based upon improper venue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

53.   This action should be dismissed pursuant to the doctrine of forum non conveniens.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

54.   Plaintiff has not fully complied with the provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

Dated:  New York, New York
       May 2, 2008

                           Respectfully submitted,

                           LANDMAN CORSI BALLAINE & FORD P.C.

By:                      
                           Ronald E. Joseph (RJ9302)
                           Attorneys for Defendants
                           BURLINGTON NORTHERN AND SANTA FE
                           RAILWAY  COMPANY;  BNSF  RAILWAY  CO.;
                           BURLINGTON NORTHERN SANTA FE CORP.,
                           120 Broadway, 27th Floor
                           New York, New York  10271-0079
                           (212) 238-4800

TO:    LAW OFFICES,
        DAVID L. MAZAROLI
        David L. Mazaroli, Esq. (DM 3929)
        Attorneys for Plaintiff
        111 Park Place - Suite 1214
        New York, New York 10007
        (212) 267-8480
        Fax.: (212) 732-7352

        Peter J. Gutowski, Esq.
        FREEHILL HOGAN & MAHAR LLP
        Attorneys for Defendants MAERSK LINE;
        AP MOLLER-MAERSK A/S MAERSK SEALAND; MAERSK INC.
        80 Pine Street
        New York, New York 10005-1759
        (212) 425-1900

461430.1 DocsNY                       10

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                            ) ss.:
COUNTY OF NEW YORK  )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 2nd day of May, 2008, deponent served the within **ANSWER TO COMPLAINT** upon:

                        LAW OFFICES,
                        DAVID L. MAZAROLI
                        David L. Mazaroli, Esq. (DM 3929)
                        111 Park Place - Suite 1214
                        New York, New York 10007

                        Peter J. Gutowski, Esq.
                        FREEHILL HOGAN & MAHAR LLP
                        80 Pine Street
                        New York , New York 10005-1759

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                        _____
                                             Ryan New

Sworn to before me this
2nd day of May, 2008

_____
          Notary

                        AMEET B. KABRAWALA
                  Notary Public, State of New York
                       No. 02KA6144322
                    Qualified in Kings County
            Commission Expires April 24, 20_

Ex. D

211-08/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant AP MOLLER-MAERSK A/S,
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela Schultz (PS 8675)
gutowski@freehill.com
schultz@freehill.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MAZDA MOTOR CORPORATION,

                               Plaintiff,

    - against -

MAERSK LINE; AP MOLLER-MAERSK A/S;
MAERSK SEALAND; MAERSK INC., BURLINGTON
NORTHERN AND SANTA FE RAILWAY COMPANY;
BNSF RAILWAY CO.; BURLINGTON NORTHERN
SANTA FE CORP.,

                                Defendants.
------------------------------------------------------------------x

**ECF CASE**

**08 Civ. 355 (NRB)**

**AP MOLLER-MAERSK A/S'
CROSS–CLAIM AGAINST CO-
DEFENDANTS**

Defendant AP MOLLER-MAERSK A/S (hereinafter "Maersk"), by its attorneys,

Freehill, Hogan & Mahar, LLP, as and for its Cross-claim against Co-Defendants

BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, BNSF RAILWAY

CO., and BURLINGTON NORTHERN SANTA FE CORP. (hereinafter collectively referred to

as "BNSF"), allege upon information and belief as follows:

    1. Defendant Maersk repeats and realleges each and every admission, denial, and denial

of information and knowledge contained in paragraphs 1-41 of its Answer with the same force

and effect as if set forth at length herein.

    2. This Cross-Claim is asserted strictly without prejudice to or waiver of any of the

affirmative defenses contained in the Answer.

3. If there was any loss or damage to the shipment(s) referred to in the Complaint, which is denied, then said loss or damage was brought about or caused by Co-Defendants BNSF's negligence and/or breach of contract, implied or express, and/or breach of warranty, implied or express, and/or breach of bailment duties, and by reason thereof, Maersk is entitled to full indemnity and/or contribution from the aforesaid Co-Defendants for any and all such loss, damage and liability, including any reasonable attorney fees and expenses.

4. If Plaintiff is entitled to recover any damages against Maersk, Maersk is entitled to recover indemnity and/or contribution from Co-Defendants BNSF for such sums together with expenses including reasonable attorney fees and costs in defending Plaintiff's action.

**WHEREFORE,** Defendant Maersk prays:

(a)     That judgment be entered in favor of Maersk and against Plaintiff dismissing the Complaint with costs and disbursements;

(b)     That if judgment is entered in favor of Maersk, that it have judgment over and against Co-Defendants BNSF on the Cross-Claim herein, together with costs and attorney fees; and

(c)     That the Court direct such other further relief as it deems just and proper in the premises.

Dated:   New York, New York
          June 4, 2008

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendant
AP MOLLER-MAERSK A/S

By: _____
     Peter J. Gutowski (PG 2200)
     Pamela L. Schultz (PS 8675)
     80 Pine Street, 24th Floor
     New York, NY 10005-1759
     (212) 425-1900

To:     LAW OFFICES OF
        DAVID L. MAZAROLI
        Attorneys for Plaintiff
        111 Park Place – Suite 1214
        New York, New York 10007
        Attn:  David L. Mazaroli, Esq.

        LANDMAN CORSI BALLAINE & FORD P.C.
        Attorneys for Defendants
        120 Broadway, 27th Floor
        New York, New York 10271-0079
        Attn:  Ronald E. Joseph, Esq.
               Arjay Yao, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAZDA MOTOR CORPORATION,                    ECF CASE

         Plaintiff,                         08 Civ. 355 (NRB)

    - against -                                 **DEFENDANT BNSF'S CROSS**
                                **CLAIMS AND ANSWER TO**
MAERSK LINE; AP MOLLER-MAERSK A/S          **CROSS CLAIM**
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,

         Defendants.
-------------------------------------------------------------X

        Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF

RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP., ( "BNSF") by their attorneys,

Landman Corsi Ballaine & Ford P.C., hereby answer the cross claim of AP MOLLER-MAERSK

A/S ("Maersk") and cross-claim against Maersk as follows:

        1.    BNSF repeats, reiterates and realleges each and every response contained in

paragraphs "1" through "54" of its Answer with the same force and effect as if fully set forth at

length herein.

        2.    BNSF denies knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "2" of the Cross Claim and refer all matters of law to the

Court.

        3.    BNSF denies the truth of each and every allegation contained in paragraph "3"of the

Cross Claim.

        4.    BNSF denies the truth of each and every allegation contained in paragraph "4"of the

Cross Claim.

### FIRST AFFIRMATIVE DEFENSE

5.    Any and all of Maersk's cross claims are barred to the extent that a prior and pending action exists.

### FIRST CROSS CLAIM

6.    If BNSF is found liable to plaintiff in this action, BNSF alleges that such liability is the result, either wholly or in part, of the negligence, acts, omissions, and/or breach of contract, implied or express, and/or breach of warranty, implied or express, and/or breach of bailment duties of Maersk, thereby entitling BNSF to indemnification or contribution from Maersk, for such liability.

7.    That by reason of the foregoing, defendant Maersk will be liable to BNSF in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above BNSF's equitable share of such judgment.  The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

8.    If plaintiff is entitled to recover any damages against BNSF, BNSF is entitled to recover indemnity and/or contribution from Maersk for such sums together with expenses including reasonable attorney fees and costs in defending plaintiff's action.

### SECOND CROSS CLAIM

9.    If BNSF is found liable to plaintiff in this action, BNSF alleges that Maersk, would be liable for said judgment or settlement pursuant to contractual agreement(s).

10.    If plaintiff is entitled to recover any damages against BNSF, BNSF is entitled to recover indemnity and/or contribution from Maersk for such sums together with expenses including

reasonable attorney fees and costs in defending plaintiff's action.

**WHEREFORE**, BNSF demands judgment dismissing Maersk's cross claims herein, together with its costs and disbursements, further demands that in the event plaintiff recovers judgment against BNSF, then BNSF demands judgment over and against Maersk, for the amount of any such judgment, or in an amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action and such other and further relief as this Court deems appropriate.

Dated: New York, New York
         June 5, 2008

                              Respectfully submitted,

                              LANDMAN CORSI BALLAINE & FORD P.C.

                    By: _____
                              Ronald E. Joseph (RJ9302)
                              Arjay G. Yao (AY0506)
                              Attorneys for Defendants
                              BURLINGTON NORTHERN AND SANTA FE
                              RAILWAY COMPANY; BNSF RAILWAY CO.;
                              BURLINGTON NORTHERN SANTA FE CORP.,
                              120 Broadway, 27th Floor
                              New York, New York  10271-0079
                              (212) 238-4800

TO:    David L. Mazaroli, Esq.
       Attorney for Plaintiffs
       11 Park Place - Suite 1214
       New York, New York 10007

       FREEHILL HOGAN & MAHAR LLP
       Attorneys for Defendants MAERSK LINE;
       AP MOLLER-MAERSK A/S MAERSK SEALAND; MAERSK INC.
       80 Pine Street
       New York, New York 10005-1759

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 5th day of June, 2008, deponent served the within **DEFENDANT BNSF'S CROSS CLAIMS AND ANSWER TO CROSS CLAIM** upon:

                LAW OFFICES,
                DAVID L. MAZAROLI
                David L. Mazaroli, Esq. (DM 3929)
                11 Park Place - Suite 1214
                New York, New York 10007

                Peter J. Gutowski, Esq.
                FREEHILL HOGAN & MAHAR LLP
                80 Pine Street
                New York , New York 10005-1759

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                      _____
                                                      Ryan New

Sworn to before me this
5th day of June, 2008

_____
          Notary

                    JASON BUSKIN
             Notary Public, State of New York
                  No. 02BU6123327
             Qualified in New York County
           Commission Expires March 7, 2009

211-08/PJG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAZDA MOTOR CORPORATION,                          ECF CASE

                              Plaintiff,          08 Civ. 355 (NRB)

        - against -

MAERSK LINE; AP MOLLER-MAERSK A/S;               **AFFIDAVIT OF SERVICE BY MAIL**
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,

                              Defendants.

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

        I, Martha J. Gadecki, being duly sworn say:

        I am not a party to this action, am over 18 years of age and with a place of business at 80
Pine Street, New York, New York 10005.  On July 3, 2008, I served **Third-Party Complaint**
upon:

                LAW OFFICES OF
                DAVID L. MAZAROLI
                Attorneys for Plaintiff
                111 Park Place – Suite 1214
                New York, New York 10007
                Attn:  David L. Mazaroli, Esq.

                LANDMAN CORSI BALLAINE & FORD P.C.
                Attorneys for Defendants BNSF
                120 Broadway, 27th Floor
                New York, New York 10271-0079
                Attn:  Ronald E. Joseph, Esq.

NYDOCS1/308000.1                                   1

by depositing a true copy of same in a post-paid properly addressed wrapper, in a post-office/
official depository under the exclusive care and custody of the United States Postal Service
within the State of New York.

Martha J. Gadecki

Sworn to before me on this
3rd day of July, 2008.

NOTARY PUBLIC

MANUEL A. MOLINA
Notary Public, State of New York
No. 02M06064999
Qualified In Kings County
Commission Expires Oct. 9, 20 0 9