9175 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Third-Party Defendant
Globerunners Incorporated
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZDA MOTOR CORPORATION,<br><br>                  Plaintiff,<br><br>- against -<br><br>MAERSK LINE; AP MOLLER-MAERSK A/S; MAERSK SEALAND; MAERSK INC., BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP.,<br><br>                  Defendants.<br><br>―――――――――――――――――<br><br>A.P. MOLLER-MAERSK A/S trading as MAERSK LINE,<br><br>                  Third-Party Plaintiff,<br><br>- against -<br><br>GLOBERUNNERS INCORPORATED f/k/a and/or as successor-in-interest to LIBERTY CONTAINER LINE INC.<br><br>                  Third-Party Defendant. | ECF CASE<br><br>08 Civ. 355 (NRB)<br><br>**GLOBERUNNERS INCORPORATED f/k/a LIBERTY CONTAINER LINE INC. ANSWER TO THIRD-PARTY COMPLAINT** |

Third-Party Defendant Globerunners Incorporated f/k/a and/or as successor-in-interest to Liberty Container Line Inc. (hereinafter referred to as "Globerunners"), pursuant to Federal Rules of Civil Procedure 14(a) and 14(c), answers the Third-Party Complaint with docket number 08 Civ. 355 (NRB) as follows:

1. Admits this is an admiralty and maritime claim within the meaning of Rule 9(h) and Rule 14(c) of the Federal Rules of Civil Procedure, and this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 in that the subject matter of this suit and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 1 of the Third-Party Complaint.

## THE PARTIES & PLEADINGS PREVIOUSLY FILED HEREIN

2. Admits Plaintiff Mazda Motor Corporation ("Mazda") commenced the subject action in the United States District Court for the Southern District of New York by filing a Complaint against Defendant/Third-Party Plaintiff Maersk and Defendants Burlington Northern and Santa Fe Railway Company, BNSF Railway Co., and Burlington Northern Santa Fe Corp. (hereinafter collectively "BNSF").

3. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Third-Party Complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Third-Party Complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. Admits Third-Party Defendant Globerunners was and still is a corporate entity duly organized and existing pursuant to the laws of California with a principal place of business at 880 Apollo St., Suite 101, El Segundo, CA 90245, and a place of business at 600 Inwood Avenue N., Suite 106, Oakdale, MN 55128, and is the successor-in-interest to and/or was formerly known as Liberty at the time of the shipment in question.

8. Admits Liberty was, at the time of the events giving rise to this action, a corporate entity duly organized and existing pursuant to the law of Minnesota with a principal place of business at 600 Inwood Avenue N., Suite 160, Oakdale, MN 55128 (one of the current addresses of Globerunners), and is predecessor in interest to and/or is now known as Globerunners.

9. Admits at all times material hereto, Third-Party Defendant Globerunners/Liberty was and still is in the business of, *inter alia*, providing NVOCC, freight forwarder and international shipping services including the offering of full container load service to international shippers and merchants of agricultural products.

## FACTUAL BACKGROUND

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Third-Party Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Third-Party Complaint.

12. Admits Globerunners/Liberty acted in the capacity as the NVOCC and/or consolidator of multiple containers and denies knowledge and information sufficient to form a belief as to the remaining allegations contained in Paragraph 12 of the Third-Party Complaint.

13. Denies each and every allegation contained in Paragraph 13 of the Third-Party Complaint.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Third-Party Complaint.

15. Denies each and every allegation contained in Paragraph 15 of the Third-Party Complaint.

16. Denies each and every allegation contained in Paragraph 16 of the Third-Party Complaint.

17. Denies each and every allegation contained in Paragraph 17 of the Third-Party Complaint.

18. Denies each and every allegation contained in Paragraph 18 of the Third-Party Complaint.

19. Denies each and every allegation contained in Paragraph 19 of the Third-Party Complaint.

### IN RESPONSE TO THE FIRST CAUSE OF ACTION AGAINST BLOBERUNNERS/LIBERTY

20. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 19 inclusive of this Answer with the same force and effect as if herein set forth at length.

21. Denies each and every allegation contained in Paragraph 21 of the Third-Party Complaint.

22. Denies each and every allegation contained in Paragraph 22 of the Third-Party Complaint.

23. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill of lading.

25. Any shortage, loss and/or damage to the shipment in suit which Defendant specifically denies was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill of lading and/or the General Maritime Law and/or applicable foreign law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

26. Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### AS AND FOR A THIRD AFFIRMTIVE DEFENSE

27. Plaintiff failed to properly and fully mitigate its damages in its Third-Party Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

28. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the Defendant is not liable under the Carriage of goods by Sea Act, 46 U.S.C. §30701 Sec(4)(2)(i), and by the terms of the contract of carriage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

29. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of Maersk and/or BNSF and/or its agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. That if Plaintiff's cargo suffered any loss or damage, which Defendant Globerunners denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 USC §70301 Sec(4)(2)(q).

## AS AND FOR THEIR COUNTRCLAIM AGAINST MAERSK LINE; AP MOLLER-MAERSK; MAERSK SEALAND AND MAERSK, INC. THIRD-PARTY DEFENDANT GLOBERUNNERS ALLEGES AS FOLLOWS:

31. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 30 inclusive of this Answer with the same force and effect as if herein set forth at length.

32. If there was a loss or damage to the shipment referred to in the Third-Party Complaint, which is denied, said loss or damage caused any liability to Globerunners, then the said liability was brought about by Maersk Line; AP-Moller-Maersk A/S Maersk Sealand and Maersk, Inc.'s negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, Defendant Globerunners is entitled to full indemnity and/or contribution from Maersk Line; AP-Moller-Maersk A/S Maersk Sealand and Maersk, Inc., for its loss and damage including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant Globerunners prays that the Complaint against it be dismissed and its cross-claim and counterclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: August 1, 2008

    New York, New York

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for Third-Party Defendant Globerunners Inc.

        By: <u>/ s / Stephen H. Vengrow</u>
            Stephen H. Vengrow (SHV/3479)
        61 Broadway, Suite 3000
        New York, New York, 10006
        (212) 344-7042

To:    Peter J. Gutowski, Esq.
       Gina M. Venezia, Esq.
       FREEHILL, HOGAN & MAHAR, LLP
       Attorneys for Defendant and Third-Party Plaintiff
       A.P. Moller-Maersk A/S
       80 Pine Street
       New York, New York 10005-1759
       (212) 425-1900

       David L. Mazaroli, Esq.
       Attorney for Plaintiffs
       11 Park Place – Suite 1214
       New York, New York 10007-2801

       LANDMAN CORSI BALLAINE & FORD P.C.
       120 Broadway, 27th Floor
       New York, New York 10271

<u>CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On August 1, 2008, I served a complete copy of Third-Party Defendant Globerunners Incorporated's **Answer to Third-Party Complaint** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following address:

>   Peter J. Gutowski, Esq.
>   Gina M. Venezia, Esq.
>   FREEHILL, HOGAN & MAHAR, LLP
>   Attorneys for Defendant and Third-Party Plaintiff
>   A.P. Moller-Maersk A/S
>   80 Pine Street
>   New York, New York 10005-1759
>   (212) 425-1900
>
>   David L. Mazaroli, Esq.
>   Attorney for Plaintiffs
>   11 Park Place – Suite 1214
>   New York, New York 10007-2801
>
>   LANDMAN CORSI BALLAINE & FORD P.C.
>   120 Broadway, 27th Floor
>   New York, New York 10271

>                    / s / Patrick Michael DeCharles, II
>                    Patrick Michael DeCharles, II (PMD/9984)

DATED:    August 1, 2008
          New York, New York