9175 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Third-Party Defendant
Globerunners Incorporated
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAZDA MOTOR CORPORATION,<br><br>                    Plaintiff,<br><br>   - against -<br><br>MAERSK LINE; AP MOLLER-MAERSK A/S; MAERSK SEALAND; MAERSK INC., BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP.,<br><br>                    Defendants. | ECF CASE<br><br>08 Civ. 355 (NRB)<br><br>**GLOBERUNNERS INCORPORATED f/k/a LIBERTY CONTAINER LINE INC. ANSWER TO THE COMPLAINT** |

Third-Party Defendant Globerunners Incorporated f/k/a and/or as-successor-in-interest to Liberty Container Line Inc. (hereinafter referred to as "Globerunners"), pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, answers the Complaint with Docket number 08 Civ. 355 (NRB) as follows:

**IN RESPONSE TO THE FIRST CAUSE OF ACTION**

1.      Admits this action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28

U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal carriage of cargo moving from the United States to a foreign county and said carriage included rail carriage governed by federal statutes, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack Amendment"), Act of June 29, 2906, ch. 3591, 34 Stat. 584 (1906) (Current version at 49 U.S.C. § 11706), as well as substantial intended ocean carriage.

2. Denies each and every allegation contained in Paragraph 2 of Plaintiff's Complaint.

3. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 18 of Plaintiff's Complaint.

### IN RESPONSE TO THE SECOND CAUSE OF ACTION

19. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 18 inclusive of this Answer with the same force and effect as if herein set forth at length.

20. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 21 of plaintiff's Complaint.

22. Denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23. Denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint.

24. Denies each and every allegation contained in Paragraph 24 of Plaintiff's Complaint.

### IN RESPONSE TO THE THIRD CAUSE OF ACTION

25. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 24 inclusive of this Answer with the same force and effect as if herein set forth at length.

26. Denies each and every allegation contained in Paragraph 26 of Plaintiff's Complaint

### IN RESPONSE TO THE FOURTH CAUSE OF ACTION

27. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 26 inclusive of this Answer with the same force and effect as if herein set forth at length

28. Denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint.

29. Denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint.

## IN RESPONSE TO THE FIFTH CAUSE OF ACTION

30. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 29 inclusive of this Answer with the same force and effect as if herein set forth at length

31. Denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill of lading.

33. Any shortage, loss and/or damage to the shipment in suit which Defendant specifically denies was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill of lading and/or the General Maritime Law and/or applicable foreign law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

34. Due diligence was exercised on the part of Globerunners to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A THIRD AFFIRMTIVE DEFENSE

35. That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which

Globerunners is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §30701 Sec(4)(2)(o) and (m) and by the terms of the contract of carriage.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

37. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which Globerunners is not liable under the Carriage of goods by Sea Act, 46 U.S.C. §3071 Sec(4) (2)(i), and by the terms of the contract of carriage.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

38. That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

39. That if Plaintiff's cargo suffered any loss or damage, which Defendant Globerunners denies, then such loss or damage resulted from a cause arising without the actual fault and privity of Globerunners and without the fault or neglect of the agents or servants of the Globerunners, and Globerunners is not liable under the Carriage of Goods by Sea Act, 46 USC §30701 Sec(4)(2)(q).

- 7 -

## CROSS-CLAIM

### AS AND FOR ITS CROSS-CLAIM AGAINST DEFENDANTS BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, BNSF RAILWAY CO., AND BURLINGTON NORTHERN SANTA FE CORP. THIRD-PARTY DEFENDANT GLOBERUNNERS ALLEGES AS FOLLOWS:

40.     Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 39 inclusive of this Answer with the same force and effect as if herein set forth at length.

41.     If there was any loss or damage to the shipment referred to in the Complaint which is denied, and said loss or damage caused any liability to Third-Party Defendant Globerunners, the said liability was brought abut by Defendants Burlington Northern and Santa Fe Railway Company, BNSF Railway Co., and Burlington Northern Santa Fe Corp.'s negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, Third-Party Defendant Globerunners is entitled to full indemnity and/or contribution from Defendants Burlington Northern and Santa Fe railway Company, BNSF Railway Co.; and Burlington Northern Santa Fe Corp.. for its loss and damage including reasonable counsel fees and expenses

**WHEREFORE,** Defendant Globerunners prays that the Complaint against it be dismissed and its cross-claim and counterclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: August 1, 2008

New York, New York

                CICHANOWICZ, CALLAN, KEANE,
                VENGROW & TEXTOR, LLP
                Attorneys for Third-Party Defendant Globerunners Inc.

                By: / s / Stephen H. Vengrow
                      Stephen H. Vengrow (SHV/3479)
                61 Broadway, Suite 3000
                New York, New York, 10006
                (212) 344-7042

To:    Peter J. Gutowski, Esq.
       Gina M. Venezia, Esq.
       FREEHILL, HOGAN & MAHAR, LLP
       Attorneys for Defendant and Third-Party Plaintiff
       A.P. Moller-Maersk A/S
       80 Pine Street
       New York, New York 10005-1759
       (212) 425-1900

       David L. Mazaroli, Esq.
       Attorney for Plaintiffs
       11 Park Place – Suite 1214
       New York, New York 10007-2801

       Landman Corsi Ballaine & Ford P.C.
       120 Broadway, 27th Floor
       New York, New York 10271

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On August 1, 2008, I served a complete copy of Third-Party Defendant Globerunners Incorporated's **Answer to the Complaint** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following address:

Peter J. Gutowski, Esq.
Gina M. Venezia, Esq.
FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant and Third-Party Plaintiff
A.P. Moller-Maersk A/S
80 Pine Street
New York, New York 10005-1759
(212) 425-1900

David L. Mazaroli, Esq.
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, New York 10007-2801

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway, 27th Floor
New York, New York 10271

                                          / s / Patrick Michael DeCharles, II
                                          Patrick Michael DeCharles, II (PMD/9984)

DATED:     August 1, 2008
                New York, New York