UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MAZDA MOTOR CORPORATION,

         Plaintiff,

- against -

MAERSK LINE; AP MOLLER-MAERSK A/S
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,

         Defendants.
-----------------------------------------------------------------X

ECF CASE

08 Civ. 355 (NRB)

**DEFENDANT BNSF'S
ANSWER TO CROSS CLAIM
AND CROSS CLAIMS
AGAINST GLOBERUNNERS
INC.**

      **Defendants BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY; BNSF RAILWAY CO.; BURLINGTON NORTHERN SANTA FE CORP.,** ("BNSF") by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Cross Claim of Globerunners Incorporated f/k/a and/or as-successor-in-interest to Liberty Container Line Inc (hereinafter referred to as "Globerunners") and Cross Claim against Globerunners as follows:

    1.    BNSF repeats, reiterates and realleges each and every response contained in paragraphs "1" through "54" of its Answer with the same force and effect as if fully set forth at length herein.

    2.    BNSF denies the truth of each and every allegation contained in paragraph "41" of the Cross Claim.

## FIRST CROSS CLAIM

    3.    If BNSF is found liable to plaintiff in this action, BNSF alleges that such liability is the result, either wholly or in part, of the negligence, act, omissions, and/or breach of contract,

implied or express, and/or breach of warranty, implied or express, and/or breach of bailment duties of Globerunners, thereby entitling BNSF to indemnification or contribution from Globerunners, for such liability.

4. That by reason of the foregoing, Globerunners will be liable to BNSF in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above BNSF's equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

5. If plaintiff is entitled to recover any damages against BNSF, BNSF is entitled to recover indemnity and/or contribution from Globerunners for such sums together with expenses including reasonable attorney fees and costs in defending plaintiff's action.

### FIRST AFFIRMATIVE DEFENSE

6. This action as it pertains to BNSF is frivolous.

### SECOND AFFIRMATIVE DEFENSE

7. Any liability of third-party defendant Globerunners, its agents or principal was caused solely by its own negligence and not by any negligence of BNSF.

### THIRD AFFIRMATIVE DEFENSE

8. Any liability of third-party defendant Globerunners, its agents or principals, were caused, in part, by its own negligence, and any recovery by third-party defendant Globerunners must be diminished in proportion to its own negligence or that of its agents or principals.

### FOURTH AFFIRMATIVE DEFENSE

9. Any liability of third-party defendant Globerunners was not caused by a negligent act

or omission of BNSF or any individual acting under their direction or control.

## FIFTH AFFIRMATIVE DEFENSE

10. Third-party defendant Globerunners failed to mitigate or otherwise act to lessen or reduce the damages alleged in their Cross Claim.

## SIXTH AFFIRMATIVE DEFENSE

11. There is a per package maximum limitation provision.

## SEVENTH AFFIRMATIVE DEFENSE

12. This action is time barred.

## EIGHTH AFFIRMATIVE DEFENSE

13. Third-party defendant Globerunner's Cross Claim fails to state a cause of action upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

14. The contract of carriage does not contemplate responsibility for special or consequential damages. To the extent that consequential damages are awarded, BNSF is not responsible for such amounts.

## TENTH AFFIRMATIVE DEFENSE

15. If the shipment referred to in the Cross Claim suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom BNSF has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

16. BNSF is not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which third-party defendant claims.

## TWELFTH AFFIRMATIVE DEFENSE

17.     Any incident, damages and injuries alleged to have occurred was solely due to the negligence of third-party defendant Globerunners or others acting on its behalf.

## THIRTEENTH AFFIRMATIVE DEFENSE

18.     In the event that BNSF handled the subject shipment, when whatever shipments were received for transportation by BNSF were accepted in accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of BNSF, which together form the contract of carriage respecting the transportation of such shipment. In the event that BNSF handled the subject shipment, BNSF duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## FOURTEENTH AFFIRMATIVE DEFENSE

19.     In the event that BNSF handled the subject shipment, then to the extent that BNSF did not load, count or secure the subject shipment, it cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

20.     To the extent that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, third-party defendant Globerunners cannot recover in excess of this amount.

## SIXTEENTH AFFIRMATIVE DEFENSE

21.     BNSF is not responsible for damage caused by the inherent vice or defects in the

shipment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

22. BNSF is not subject to personal jurisdiction in this forum.

### EIGHTEENTH AFFIRMATIVE DEFENSE

23. This action should be dismissed based upon improper venue.

### NINETEENTH AFFIRMATIVE DEFENSE

24. This action should be dismissed pursuant to the doctrine of forum non conveniens.

**WHEREFORE**, BNSF demands judgment dismissing Globerunner's cross claims herein, together with its costs and disbursements, and further demands that in the event plaintiff recovers judgment against BNSF, then BNSF demands judgment over and against Globerunners, for the amount of any such judgment, or in the amount equal to the excess over and above its equitable share of any such judgment, together with the costs and disbursements of this action and such other further relief as this Court deems appropriate.

Dated: New York, New York
     August 20, 2008

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ9302)
Attorney for Defendants
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY CO.;
BURLINGTON NORTHERN SANTA FE CORP.,
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO:    David L. Mazaroli, Esq.
        Attorney for Plaintiffs
        11 Park Place - Suite 1214
        New York, New York 10007

        FREEHILL HOGAN & MAHAR LLP
        Attorneys for Defendants MAERSK LINE;
        AP MOLLER-MAERSK A/S MAERSK SEALAND; MAERSK INC.
        80 Pine Street
        New York, New York 10005-1759

        CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR, LLP
        Attorneys for Third-Party Defendant Globerunners Inc.
        61 Broadway, Suite 3000
        New York, New York, 10006

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

      **RYAN NEW**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at NEW YORK, NEW YORK.

      That on the 20th day of August, 2008, deponent served the within **DEFENDANT BNSF'S ANSWER TO CROSS CLAIM AND CROSS CLAIMS AGAINST GLOBERUNNERS INC.** upon:

      David L. Mazaroli, Esq.
      11 Park Place - Suite 1214
      New York, New York 10007

      Peter J. Gutowski, Esq.
      FREEHILL HOGAN & MAHAR LLP
      80 Pine Street
      New York , New York 10005-1759

      Patrick Michael Decharles II, Esq.
      Cichanowicz, Callan, Keane, Vengrow & Textor, LLP
      61 Broadway, Suite 3000
      New York, New York 10006

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                                                            Ryan New

Sworn to before me this
20th day of August, 2008

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010

461474.1 DocsNY