9175 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Third-Party Defendant
Globerunners Incorporated
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAZDA MOTOR CORPORATION,

       Plaintiff,

   - against -

MAERSK LINE; AP MOLLER-MAERSK A/S;
MAERSK SEALAND; MAERSK INC.,
BURLINGTON NORTHERN AND SANTA FE
RAILWAY COMPANY; BNSF RAILWAY
CO.; BURLINGTON NORTHERN SANTA FE
CORP.,

       Defendants.

_____

A.P. MOLLER-MAERSK A/S trading as
MAERSK LINE,

      Third-Party Plaintiff,

   - against -

GLOBERUNNERS INCORPORATED f/k/a
and/or as successor-in-interest to LIBERTY
CONTAINER LINE INC.

      Third-Party Defendant.

**ECF CASE**

**08 Civ. 355 (NRB)**

**DEFENDANT GLOBERUNNERS
INCORPORATED f/k/a LIBERTY
CONTAINER LINE INC. ANSWER TO
CROSS CLAIM OF BURLINGTON
NORTHERN AND SANTA FE
RAILWAY (BNSF)**

Third-Party Defendant Globerunners Incorporated f/k/a and/or as successor-in-interest to Liberty Container Line Inc. ( ("Globerunners"), by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, hereby answer the Cross-Claim of Burlington Northern and Santa Fe Railway Company, BNSF Railway Co., Burlington Northern Santa Fe Corp. ("BNSF") with docket number 08 Civ. 355 (NRB) as follows:

## FIRST CROSS CLAIM

1.    Denies each and every allegation contained in paragraph 3 of Plaintiff's Cross Claim.

2.    Denies each and every allegation contained in paragraph 4 of Plaintiff's Cross Claim.

3.    Denies each and every allegation contained in paragraph 5 of Plaintiff's Cross Claim.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.    Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill of lading.

5.    Any shortage, loss and/or damage to the shipment in suit which Defendant specifically denies was due to causes for which the Defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill of lading and/or the General Maritime Law and/or applicable foreign law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

6.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

## AS AND FOR A THIRD AFFIRMTIVE DEFENSE

7.    Plaintiff failed to properly and fully mitigate its damages in its Third-Party Complaint.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

8.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the Defendant is not liable under the Carriage of goods by Sea Act, 46 U.S.C. §30701 Sec(4)(2)(i), and by the terms of the contract of carriage.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.    That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of Maersk and/or BNSF and/or its agents.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10.    That if Plaintiff's cargo suffered any loss or damage, which Defendant Globerunners denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 USC §70301 Sec(4)(2)(q).

**WHEREFORE,** Defendant Globerunners prays that the Cross Claim against it be dismissed and that the Court may grant such other or further relief as may be just and proper.

Dated: August 25, 2008

New York, New York

> CICHANOWICZ, CALLAN, KEANE,
> VENGROW & TEXTOR, LLP
> Attorneys for Third-Party Defendant Globerunners Inc.
>
>
> By: / s / Stephen H. Vengrow
>        Stephen H. Vengrow (SHV/3479)
> 61 Broadway, Suite 3000
> New York, New York, 10006
> (212) 344-7042

To:    Peter J. Gutowski, Esq.
       Gina M. Venezia, Esq.
       FREEHILL, HOGAN & MAHAR, LLP
       Attorneys for Defendant and Third-Party Plaintiff
       A.P. Moller-Maersk A/S
       80 Pine Street
       New York, New York 10005-1759
       (212) 425-1900

       David L. Mazaroli, Esq.
       Attorney for Plaintiffs
       11 Park Place – Suite 1214
       New York, New York 10007-2801

       LANDMAN CORSI BALLAINE & FORD P.C.
       120 Broadway, 27th Floor
       New York, New York 10271

<u>CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On August 25, 2008, I served a complete copy of Third-Party Defendant Globerunners

Incorporated's **Answer to Cross Claim of Burlington Northern and Santa Fee Railway**

**Company; BNSF Railway Co.; Burlington Northern Santa Fe Corp.** by ECF to the following

attorneys at their ECF registered address and by regular U.S. mail at the following address:

>       Peter J. Gutowski, Esq.
>       Gina M. Venezia, Esq.
>       FREEHILL, HOGAN & MAHAR, LLP
>       Attorneys for Defendant and Third-Party Plaintiff
>       A.P. Moller-Maersk A/S
>       80 Pine Street
>       New York, New York 10005-1759
>       (212) 425-1900
>
>       David L. Mazaroli, Esq.
>       Attorney for Plaintiffs
>       11 Park Place – Suite 1214
>       New York, New York 10007-2801
>
>       LANDMAN CORSI BALLAINE & FORD P.C.
>       120 Broadway, 27th Floor
>       New York, New York 10271


                        ___/ s / Patrick Michael DeCharles, II_____
                        Patrick Michael DeCharles, II (PMD/9984)


DATED:       August   25, 2008
             New York, New York